1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  GORDON LAMAR NELSON,              ) 1:12-cv—01311-SKO-HC
                                    )
10              Petitioner,         ) ORDER TRANSFERRING CASE TO THE
                                    ) UNITED STATES DISTRICT COURT FOR
11                                  ) THE CENTRAL DISTRICT OF
        v.                          ) CALIFORNIA (DOC. 1)
12                                  )
   P. D. BRAZELTON,                 )
13                                  )
                Respondent.         )
14                                  )
   _____ )
15

16      Petitioner is a state prisoner proceeding pro se and in

17 forma pauperis with a petition for writ of habeas corpus pursuant

18 to 28 U.S.C. § 2254.  The matter has been referred to the

19 Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

20 Rules 302 through 304.  Pending before the Court is the petition,

21 which was filed on August 9, 2012.

22      In the petition, Petitioner complains of trial court errors

23 occurring in the proceedings that resulted in his conviction of

24 criminal offenses in the Superior Court of the State of

25 California, County of Los Angeles.  (Pet., doc. 1, at 3-5, 11.)

26      Title 28 U.S.C. § 2241(d) provides as follows which respect

27 to venue, jurisdiction and transfer in a habeas proceeding

28 pursuant to 28 U.S.C. § 2254:

1

1  Where an application for a writ of habeas corpus
2  is made by a person in custody under the judgment
   and sentence of a State court of a State which
3  contains two or more Federal judicial districts,
   the application may be filed in the district court
4  for the district wherein such person is in custody
   or in the district court for the district
5  within which the State court was held which
   convicted and sentenced him and each of such
6  district courts shall have concurrent jurisdiction
   to entertain the application. The district court
7  for the district wherein such application is filed
   in the exercise of its discretion and in furtherance
8  of justice may transfer the application to the
   other district court for hearing and determination.

9  Although venue is generally proper in either the district of the

10 prisoner's confinement or the convicting court's location,

11 petitions challenging a conviction preferably are heard in the

12 district of conviction.  Laue v. Nelson, 279 F.Supp. 265, 266

13 (N.D.Cal. 1968).  Petitions challenging execution of sentence are

14 preferably heard in the district where the inmate is confined.

15 Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court

16 should consider traditional considerations of venue, such as the

17 convenience of parties and witnesses and the interests of

18 justice.  Braden v. 30th Judicial Circuit Court of Kentucky, 410

19 U.S. 484, 495 (1973).

20     Title 28 U.S.C. § 1406(a) provides that a district court of

21 a district in which is filed a case laying venue in the wrong

22 division or district shall dismiss, or if it is in the interest

23 of justice, transfer such case to any district or division in

24 which it could have been brought.  In view of the nature of the

25 claims set forth in the petition, it is in the interest of

26 justice to transfer the petition to the district of conviction.

27     Accordingly, it is ORDERED that the petition be transferred

28 to the United States District Court for the Central District of

1  California.

2

3

4  IT IS SO ORDERED.

5  **Dated:    August 27, 2012**                    _____/s/ Sheila K. Oberto_____
                                                    UNITED STATES MAGISTRATE JUDGE